**FILED**

MAR - 8 2016

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THEODORE JUSTICE,          :
                           :
        Plaintiff,         :          Case: 1:16-cv-00458   Jury Demand
    v.                     :          Assigned To : Unassigned
                           :          Assign. Date : 3/8/2016
ANURIMA BHARGAVA, *et al.*, :          Description: Pro Se Gen. Civil (F Deck)
                           :
        Defendants.        :

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and

*pro se* complaint.  The Court grants the application and dismisses the complaint.

Plaintiff is the parent of a child who is eligible to receive special education services.

Compl. ¶ 10.  He alleges that the North Carolina Department of Public Instruction has not

provided appropriate education and related services for his son, and for this reason plaintiff filed

a complaint with the U.S. Department of Education's Office of Civil Rights.  *See id.* ¶¶ 8-9.

Plaintiff is dissatisfied with the Office of Civil Rights' response.  *See id.* ¶¶ 12-13.  He demands

a declaratory judgment that defendants have failed to establish "adequate policies and procedures

for complaints, appeals, and timelines for investigations," *id.* ¶ 17, and mandamus relief "to

compel the Defendants to perform [their] duty as required by law[,]" *id.* ¶ 19.

The Court presumes that plaintiff sues the defendants in their official capacities only.  In

this way, he is attempting to bring a civil rights action under 42 U.S.C. § 1983 against the United

States.  The claim must fail because § 1983 does not apply to federal officials who are acting

under color of federal law.  *See, e.g., Bourdon v. Mabus*, 813 F. Supp. 2d 200, 209 (D.D.C.

**3**

2011) (dismissing § 1983 claims against federal defendants sued in their official capacities), *aff'd per curiam*, No. 11-5302, 2012 WL 1155737, at *1 (D.C. Cir. Mar. 28, 2012).

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This plaintiff addresses none of these elements, and thus fails to meet his burden.

The Court will dismiss this action because the plaintiff's pleading fails to state a claim upon which relief can be granted. An Order is issued separately.

_____
United States District Judge

Date: 3\3\16